# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD SALMOND, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-872 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | District Judge W. Scott Hardy |
| ) | |
| LAUREL R. HARRY, ) | Re: ECF No. 39 |
| *Secretary of the Department of Corrections*; ) | |
| ASHLEY TRAFICANTE, ) | |
| *Mail Room employee;* ) | |
| JOHN/JANE DOE, *Mail Security;* and ) | |
| RHONDA HOUSE, ) | |
| *Facility Grievance Coordinator,* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 39. For the reasons below, the Motion is denied.

## I.   RELEVANT BACKGROUND

Plaintiff Bernard Salmond ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Fayette ("SCI- Fayette"). In this action, Plaintiff claims his First, Fourth and Fourteenth Amendment rights were violated when the Defendants withheld his legal mail without notifying him.

Plaintiff has filed the pending Motion for Appointment of Counsel. ECF No. 39. He requests that the Court appoint him counsel to assist the presentation of his case. Id.

1

## II. DISCUSSION

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. See, e.g., Parkell v. Danberg, 833 F.3d 313, 340 (3d Cir. 2016); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has also emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). The Third Circuit also acknowledged "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." Id.

District courts have "broad discretion to determine whether appointment of counsel in a civil case would be appropriate." Parkell, 833 F.3d at 340 (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). First, the district court should consider whether the case has some arguable merit. Id. If it does, then the court should consider a range of factors, including:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

   6. whether the case will require testimony from expert witnesses.

Id. (quoting Montgomery, 294 F.3d at 499). See also Tabron, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

  Assuming for this Memorandum Order only that this case has some arguable merit, the Court concludes, after carefully considering Plaintiff's allegations, that the balance of the above factors weigh against the appointment of counsel at this time.

  In considering factors one and two, the litigant's ability to present his case and the difficulty of the legal issues involved, it is clear the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not weigh in favor of the appointment of counsel, since it is too early in the litigation to determine what, if any, factual investigation will be necessary.

  Moreover, although Plaintiff contends that he requires further assistance, the filings he has submitted throughout this case, including his recent filings, demonstrate that he has a basic understanding of his claims and that, at this stage of the litigation, he has the ability to present his case without an attorney. The Court also notes that as a *pro se* litigant, he has the benefit of Haines v. Kerner, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings.

  Indeed, the only factor that seemingly weighs in Plaintiff's favor is that he would be unable to afford to retain counsel on his own behalf, as evidenced by his having requested and been

granted *in forma pauperis* status.  While perhaps this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors enumerated above.  See Torrence v. Saunders, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, 2011 WL 6100333, at *2 (M.D. Pa. Dec. 07, 2011); Ortiz v. Schmidt, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).

Finally, Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." See also Parkell, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).  Here, many circumstances cited by Plaintiff are those faced by all prisoner litigants.

AND NOW, this 16th day of May, 2024, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 39, is DENIED without prejudice.[1]

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF

BERNARD SALMOND
LP-7313
FAYETTE
48 Overlook Drive
LaBelle, PA 15450

---

[1] It should also be noted that under the Local Civil Rules of Court, motions for the appointment of counsel submitted by incarcerated individuals who are proceeding *pro se*, as Plaintiff is, are not to be granted until after dispositive motions have been resolved absent special circumstances. W.D. Pa. LCvR 10C.