IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD SALMOND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAUREL R. HARRY, ) <br> *Secretary of the Department of Corrections*; ) <br> ASHLEY TRAFICANTE, ) <br> *Mail Room employee;* ) <br> JOHN/JANE DOE, *Mail Security; and* ) <br> RHONDA HOUSE, ) <br> *Facility Grievance Coordinator,* ) <br> ) <br> Defendants. ) | Civil Action No. 23-872 <br><br> Magistrate Judge Maureen P. Kelly <br> District Judge W. Scott Hardy |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 43. Upon review of Plaintiff's Second Amended Complaint, ECF No. 38, this Court will *sua sponte* strike Plaintiff's Second Amended Complaint and deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint as moot.

Plaintiff Bernard Salmond ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Fayette ("SCI- Fayette"). In this action, Plaintiff alleges that his First, Fourth and Fourteenth Amendment rights were violated when the Defendants withheld his legal mail without notifying him.

Plaintiff filed his initial Complaint on July 13, 2023. ECF No. 11.

Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and a brief in support on October 10, 2023. ECF Nos. 24, 25. Salmond filed a Response and brief in support on November 6, 2023. ECF Nos. 28, 29.

On April 22, 2024, this Court issued a Report and Recommendation recommending the following claims be dismissed with prejudice :

- All claims as to Defendant House on the basis of the absence of actual knowledge necessary for personal involvement as the SCI-Fayette Grievance Coordinator;

- All claims for monetary damages against Defendants in their official capacities;

- All claims for injunctive relief relative Salmond's Post-Conviction Relief Act petition;

- All claims for injunctive relief against Defendants Traficante and Doe in their official capacity; and

- The Fourteenth Amendment claims against Defendant Harry relative to the grievance process (DC-ADM 804).

ECF No. 37 at 15-16.

As to Salmond's First Amendment access to courts claim, the Court recommended the Motion to Dismiss be granted and the claim be dismissed without prejudice. Id. at 16.

Further, the Court recommended that the Motion to Dismiss be denied:

- On the basis of failure to exhaust administrative remedies in accordance with the PLRA;

- As to Defendants Harry and Traficante on the basis of personal involvement;

- As to claims for injunctive relief against Harry in her official capacity; and

- As to the Fourteenth Amendment deprivation of mail claim.

Id.

On May 7, 2024, Plaintiff filed an Amended Complaint. ECF No. 38. On May 24, 2024, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint and brief in support. ECF Nos. 43, 44. Plaintiff filed a response on June 21, 2024. ECF No. 52.

Concurrently, on June 11, 2024, this Court withdrew the Report and Recommendation, ECF No. 43, and denied Defendant's first Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) as moot, ECF No. 49, in light of the filing of the Second Amended Complaint.

Upon consideration of the Second Amended Complaint, this Court finds that it does not meet the requirements of Federal Rule of Civil Procedure 8, as it does not set forth **all** of Plaintiff's against **all** Defendants. As such, the Second Amended Complaint is stricken. The pending Motion to Dismiss, ECF No. 34, is denied as moot.

In the interests of justice, this Court will grant Plaintiff one final opportunity to amend his complaint. Any amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth all claims against all defendants in short, concise, and plain statements, and in sequentially numbered paragraphs. Plaintiff must specify the offending actions taken by each defendant, he must sign the amended complaint, and he must indicate the nature of the relief sought

Plaintiff may file his amended complaint by September 13, 2024. Due to the age of this case, no extensions or additional requests to file an amended complaint will be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: August 14, 2024

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: BERNARD SALMOND
LP-7313
SCI-FAYETTE
48 Overlook Drive
LaBelle, PA 15450

All counsel of record via CM/ECF