## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BERNARD SALMOND, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 23-872 |
| v. | ) ) ) District Judge W. Scott Hardy |
| LAUREL R. HARRY, *Secretary of the Department of Corrections*; ASHLEY TRAFICANTE, *Mail Room employee*; JOHN/JANE DOE, *Mail Security*; and RHONDA HOUSE, *Facility Grievance Coordinator*, | ) Magistrate Judge Maureen P. Kelly ) ) ) |
| Defendants. |  |

### MEMORANDUM ORDER

This matter comes before the Court after Plaintiff Bernard Salmond ("Salmond") declined to file objections to the Report and Recommendation ("R&R") (Docket No. 61) that was entered by Magistrate Judge Maureen P. Kelly on May 5, 2025. The R&R recommends that the Motion to Dismiss (Docket No. 56), filed on behalf of Defendants Laurel R. Harry, Ashley Traficante, and Rhonda House, be granted in part and denied in part. (Docket No. 61 at 1, 24). Service of the R&R was made on Salmond by U.S. Mail, and on all counsel of record via the Court's CM/ECF electronic filing system. (*Id.* at 25). The R&R informed the parties that objections to same were due by May 21, 2025, and by May 27, 2025, for unregistered CM/ECF users. (*Id.* at 25 and Docket text entry). No objections were filed by those dates or thereafter.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because neither Salmond

1

nor Defendants filed any objections to the R&R – which explicitly stated, "Failure to timely file objections will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 61 at 25). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the entire record, including the R&R, Defendants' Motion to Dismiss and brief in support (Docket Nos. 56, 57), and Salmond's responses in opposition to Defendants' Motion to Dismiss (Docket Nos. 59, 60), the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court, and will grant in part and deny in part Defendants' Motion to Dismiss.

In so ruling, the Court agrees, first, with Judge Kelly's recommendation that the Court should grant Defendants' motion to dismiss with prejudice Salmond's official capacity claims against Defendants Traficante and House, and that the Court should deny Defendants' motion to dismiss Salmond's official capacity claims against Defendant Harry on the basis of Eleventh Amendment immunity. (Docket No. 61 at 12-13). The Court also agrees that, for the reasons stated in the R&R, Salmond's claims against Harry[1] for prospective injunctive and declaratory relief should be dismissed with prejudice, and that, because prospective injunctive relief is unwarranted, Salmond's official capacity claims against Harry should be dismissed with prejudice

---

[1] To the extent Salmond seeks declaratory or injunctive relief against the other Defendants, those claims should be dismissed with prejudice as well, for the reasons set forth in the R&R. (Docket No. 61 at 12 n.7).

for failure to state a claim.  (*Id.* at 16).  The Court further agrees that Salmond's individual capacity claims against Defendant House and Salmond's Fourth Amendment claims against all Defendants should be dismissed with prejudice.  (*Id.* at 18, 19).  The Court agrees with Judge Kelly that Salmond's Fourteenth Amendment procedural due process claim survives Defendants' Motion to Dismiss as to Defendants Harry, Traficante, and John/Jane Doe (Mail Security).[2]  (*Id.* at 19).  The Court also agrees that Salmond's access to courts claim and his Fourteenth Amendment equal protection claim should be dismissed with prejudice.  (*Id.* at 22, 23).  Finally, the Court agrees that, in light of the futility of providing leave to amend certain claims for which the law provides no relief, as well as it being inequitable to Defendants to permit further amendment in a case that after more than two years has not progressed beyond the pleadings stage, the claims that fail to state a claim upon which relief may be granted should be dismissed with prejudice.  (*Id.* at 24).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 18th day of March, 2026,

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 61) is ADOPTED as the Opinion of the Court, and Defendants' Motion to Dismiss (Docket No. 56) is GRANTED IN PART AND DENIED IN PART.

Defendants' motion is GRANTED to the extent that the following claims by Salmond are DISMISSED WITH PREJUDICE:

1.  all official capacity claims against Defendants Harry, Traficante, and House;

2.  all claims for prospective declaratory and injunctive relief against all Defendants;

3.  all individual liability claims against Defendant House;

---

[2]    The Court notes that the R&R refers to the procedural due process claim surviving the pending motion to dismiss as to all Defendants, but Defendant House is otherwise dismissed on separate grounds, *supra*.

4. all Fourth Amendment claims against all Defendants;

5. all First and Fourteenth Amendment access to courts claims against all Defendants; and

6. all Fourteenth Amendment equal protection claims against all Defendants.

Defendants' motion is DENIED with regard to Salmond's Fourteenth Amendment procedural due process claims against Defendants Harry, Traficante, and John/Jane Doe (Mail Security) for failure to provide notice of mail refused or not delivered.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:        The Honorable Maureen P. Kelly
               Bernard Salmond (via U.S. Mail)
               All Counsel of Record